FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 OCT 20  PM 3: 57

CLERK_____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

BARRY CRAIG GARVIN,           )
                              )
    Movant,                   )
                              )
v.                            )      Case No. CV405-134
                              )      [Underlying CR404-252]
UNITED STATES OF AMERICA,     )
                              )
    Respondent.               )

## REPORT AND RECOMMENDATION

Movant has filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his federal prison sentence. For the reasons set forth below, movant's petition should be DENIED.

## I.    BACKGROUND

Movant and eight co-defendants were indicted on September 16, 2004, on sixty-four counts. CR404-252, doc. 1. The indictment was superceded on December 8, 2004. CR404-252, doc. 127. Movant, represented by counsel Richard Metz, pleaded guilty to count nine of the original

indictment, which charged movant with distributing approximately 232.5 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), and the government dismissed the other counts pursuant to a negotiated plea agreement.  CR404-252, doc. 127 at 6; doc. 161; Rule 11 Tr. at 3.  In that plea agreement, movant acknowledged that count nine charged him with distribution of approximately 232.5 grams of cocaine base and that his guilty plea would constitute proof as to that count.  Id., doc. 161 at 4.  The plea agreement also advised movant that the Presentence Investigation Report ("PSI") prepared by the United States Probation Office would take into account all relevant conduct related to the offense in count nine. Movant represented that he

> **[understood] that if the relevant conduct, guideline sentencing range, or sentence imposed by the Court [was] more or greater than the defendant expected or, in the case of relevant conduct, [was] found to be more extensive than the defendant ha[d] admitted to, [movant] still [would] have no absolute right to withdraw the guilty plea.**

Doc. 161 at 5 (emphasis in original).

In the PSI, the probation officer recommended that movant be held accountable for 23.3 grams of cocaine base distributed April 20, 2004, the

2

232.5 grams of cocaine base referenced in count nine, and 249.7 grams of cocaine hydrochloride seized July 1, 2004. PSI ¶19. These quantities were converted into a like substance for purposes of sentencing guidelines computation.[1] Id. ¶20. Thus, after conversion, the PSI calculated movant's base offense level at thirty-four. Id. ¶26. Movant received a two level enhancement for possession of a firearm during the offense and a three level enhancement for his managerial role. Id. ¶¶27, 29. After deducting three levels for acceptance of responsibility, the ultimate offense level was thirty-six. Id. ¶¶32, 35.

Movant received fourteen criminal history points for prior convictions,[2] two criminal history points for committing the instant offense while on probation, and one criminal history point for committing the offense less than two years following his release from custody. PSI ¶¶45-47. Movant thus received 17 total criminal history points and a resultant

---

[1]The equivalency was 5,165.94 kilograms of marijuana.

[2]Movant was assigned criminal history points on the basis of prior convictions for (1) possession with intent to distribute marijuana; (2) possession of a firearm by a convicted felon and theft by receiving a firearm; (3) possession of a firearm by a convicted felon, criminal use of an item with an altered ID, carrying a concealed weapon, and obstruction by giving a false name; (4) possession of a firearm by a convicted felon, carrying a concealed weapon, and possession of less than one ounce of marijuana; (5) driving with a suspended license and possession of less than one ounce of marijuana; and (6) aggravated assault. PSI ¶¶38-41, 43-44.

3

criminal history category of VI.  Id. ¶48.  With a total offense level of thirty-

six and a criminal history category of VI, the applicable sentencing

guidelines range was 324 to 405 months' imprisonment.  Id. ¶76.

Movant filed objections to the enhancements to his base offense level

and to his criminal history points as calculated in the PSI.  Movant objected

to all of his enhancements in light of United States v. Booker, 543 U.S. 220

(2005),[3] and he specifically objected to his enhancement for possession of a

firearm during the offense[4] and the enhancement for movant's role as

manager or supervisor of the criminal activity.[5]  PSI at Addendum.  Movant

objected to his criminal history points for prior convictions that he claimed

were the result of involuntary guilty pleas, his prior conviction for

possession with the intent to distribute marijuana, and his committing the

offense within two years of his release from custody.[6]  Id.

---

[3]Movant demanded a jury trial as to facts relied upon for any enhancements.

[4]Movant objected that neither count nine nor the relevant conduct described in the PSI included alleged possession of a firearm.

[5]Movant objected that count nine did not allege movant was in a managerial or supervisory role.

[6]Movant objected that the probation officer's use of prior convictions to enhance movant's sentence under the Sentencing Guidelines violated "the spirit of the Plea Agreement" because the U. S. Attorney had agreed to waive enhancements under 21 U.S.C. § 851.

Movant did not appeal his conviction.  He filed the instant habeas petition on August 1, 2005, stating numerous substantive grounds for relief and asserting that he had received ineffective assistance of counsel.

## II.   ANALYSIS

### A.   Collateral Attack on Sentencing Guidelines

A challenge to the technical application of the sentencing guidelines raises a non-constitutional issue that is simply not cognizable on collateral review under 28 U.S.C. § 2255.  Burke v. United States, 152 F.3d 1329, 1331-32 (11th Cir. 1998) (citing United States v. Payne, 99 F.3d 1273, 1281-82 (5th Cir. 1996)); Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995).  See United States v. Frady, 456 U.S. 152, 165 (1982) (a collateral attack on a conviction "may not do service for an appeal"); Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) ("'[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'") (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)

(internal quotations omitted)).  Thus, movant's claimed errors regarding the technical application of the sentencing guidelines, even if potentially meritorious on direct appeal, are not subject to review under § 2255.  <u>Lynn</u>, 365 F.3d at 1232.

## B.     Procedural Default

Even if movant's guidelines claims were cognizable on collateral review, they would be barred from consideration under the procedural default doctrine.  An available challenge to a federal conviction or sentence must be advanced on direct appeal or else the defendant is procedurally barred from presenting that claim in a § 2255 proceeding.  <u>Lynn v. United States</u>, 365 F.3d at 1234; <u>Mills v. United States</u>, 36 F.3d 1052, 1055 (11th Cir. 1994); <u>see</u> <u>Montemoino v. United States</u>, 68 F.3d 416, 417 (11th Cir. 1995) (because a defendant has a right to a direct appeal of his guidelines sentence, guidelines sentencing issues may not be raised in a § 2255 motion).  Where a defendant fails to assert an available[7] claim on direct

_____

[7]Certain claims are not available on direct appeal because the merits cannot be reviewed at the appellate level without further factual development.  <u>Mills v. United States</u>, 36 F.3d at 1055.  For example, a claim of ineffective assistance of counsel generally cannot be heard on direct appeal because there is insufficient evidence of record to resolve the issue without a hearing.  <u>Id.</u> (citing <u>United States v. Arango</u>, 853 F.2d 818, 823 (11th Cir. 1988)).

appeal, it will not be considered on collateral review unless defendant establishes one of the two exceptions to the procedural default rule. Lynn, 365 F.3d at 1234; Mills, 36 F.3d at 1055. To avoid procedural default, a defendant must either (1) show cause for not raising the claim of error on direct appeal and actual prejudice resulting from the alleged error; Cross v. United States, 893 F.2d 1287, 1289 (11th Cir. 1990), or in the absence of a showing of cause, (2) demonstrate that a fundamental miscarriage of justice has probably resulted in the conviction of one who is actually innocent. Lynn, 365 F.3d at 1234; Mills, 36 F.3d at 1055.

In this case, none of the substantive claims movant asserts in his § 2255 motion was raised on direct appeal, although each of those claims was available had movant elected to pursue an appeal. Those claims are therefore procedurally defaulted absent a showing of cause and actual prejudice resulting from the errors he alleges, or a showing that movant is actually innocent of the crime to which he pled guilty.[8]

A showing that counsel's performance was constitutionally deficient, coupled with a showing of prejudice, can satisfy the cause and prejudice

---

[8]Movant does not attempt to argue that he is actually innocent of the crime to which he pled guilty.

standard. <u>Reece v. United States</u>, 119 F.3d 1462, 1468 (11th Cir. 1997).

Plaintiff has listed several grounds of ineffective assistance of counsel.

These claims were not available to be raised on direct appeal. <u>Mills v.</u>

<u>United States</u>, 36 F.3d at 1055.

## C.  Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, movant must satisfy the

two-part test established by the Supreme Court in <u>Strickland v.</u>

<u>Washington</u>, 466 U.S. 668 (1984).  First, movant must demonstrate that his

attorney's performance was deficient, which requires a showing that

"counsel made errors so serious that counsel was not functioning as the

'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id.</u> at 687.

Second, movant must demonstrate that the defective performance

prejudiced his defense to such a degree that the results of the trial are called

into question. <u>Id.</u>

Under the first prong, deficient performance is "that which is

objectively unreasonable and falls below a wide range of competence

demanded of attorneys in criminal cases." <u>Cross v. United States</u>, 893 F.2d

1287, 1290 (11th Cir. 1990).  The reasonableness of the attorney's

8

performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. <u>Strickland</u>, 466 U.S. at 690. The movant must carry a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." <u>Id.</u> at 689 (citation omitted).

Under the prejudice prong, a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 375 (1986); <u>Strickland</u>, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> at 694.

The Court will address in turn each of movant's claims of ineffective assistance of counsel.

### 1. Failure to challenge and correct the PSI

Movant contends that his counsel was ineffective for failing to challenge and correct the PSI, specifically the criminal history category. Doc. 2 at 7. Movant claims that he should not have received two points in

PSI ¶46 for committing the offense while on probation for the offenses outlined in PSI ¶43; that he should not have received one point for committing the offense less than two years following his release from custody in PSI ¶47; and that he should not have received two points for the criminal conviction in PSI ¶42 because he claims that he was not represented by counsel. Id. at 10-11.  First, counsel *did* object to the assignment of two points to movant for committing the instant offense while on probation, arguing that the conviction that resulted in probation was invalid because movant did not have counsel.  PSI at Addendum. Counsel objected again at sentencing (Sent. Tr. at 12), but the trial Court assigned the criminal history points because movant had waived representation during the proceeding involving the prior offense, according to the state court record. See U.S.S.G. § 1A1.1(d); United States v. Jackson, 57 F.3d 1012 (11th Cir. 1995) (court record from prior case indicated that defendant's waiver of counsel was knowing and voluntary, and uncounseled conviction thus was not presumptively void and sentencing court could take it into account).

Movant was not assigned any criminal history points in PSI ¶42, and

thus his challenge to the points he allegedly received under this paragraph has no merit.

Even if counsel did not object to the assignment of points in ¶47 for committing the offense less than two years following release from custody, deducting those points would not place him in a lower criminal history category, since the other criminal history points to which counsel objected were properly assigned. Movant therefore cannot meet the prejudice prong of the Strickland test.

The record indicates that despite movant's assertions to the contrary, movant's counsel did in fact object to criminal history points that the Court considered at sentencing, and movant thus has failed to establish that his counsel's performance was deficient with regard to those points to which counsel objected. Where counsel did not object to certain criminal history points, movant has failed to meet the prejudice prong of Strickland. Therefore, no relief is available on the ground that counsel was ineffective for failing to challenge the criminal history points assigned to movant.

**2. Failure to understand plea agreement and sentencing procedures "or to challenge application of same"**

Movant claims that counsel was ineffective for failing to understand the plea agreement and sentencing procedures "or to challenge the application of same." Doc. 2 at 7. Movant has failed to offer any evidence of counsel's alleged deficiency on this ground, however. A general assertion, devoid of factual support, that counsel did not understand the plea agreement and sentencing procedures is not enough to obtain relief under § 2255. See Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (petitioner failed to allege facts that would warrant habeas relief when his claims were merely conclusory allegations unsupported by specifics).

Movant's statement that counsel encouraged movant to accept a plea agreement is insufficient to show ineffective assistance of counsel. Although a "client must be involved in [a] decision to accept or reject [a] plea offer, and failure to inform [the] client of [an] offer constitutes ineffective assistance," Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (citing Johnson v. Duckworth, 793 F.2d 898, 902 (7th Cir.) (1986)), movant does not allege that counsel did not inform him of the plea agreement or that movant was not involved in the decision to accept the plea offer. Movant therefore has not satisfied the deficient performance

requirement of <u>Strickland</u> on the ground that counsel encouraged movant to accept the plea agreement.

Movant states that if counsel had not given him "faulty legal advice," and if movant had not been given promises that he would receive a sentence below or at the low end of the guideline range, he would not have entered into the plea agreement.  But at the Rule 11 hearing, movant told  the Court that he understood that any estimate counsel had given him regarding the length of his sentence could be based upon faulty information and that movant might face a more severe sentence than what counsel had estimated.  Rule 11 Tr. at 44.  Movant pleaded guilty even in light of his understanding.   Therefore, even assuming that counsel failed to accurately predict movant's sentence and that such a failure constituted deficient performance, movant has not shown that he was prejudiced by any such deficient performance.

It is unclear whether movant is claiming that counsel should have objected to *the fact that* the Court used the Sentencing Guidelines to determine movant's sentence, whether he is claiming that counsel should have objected to *how* the Court used the Guidelines to calculate his

sentence, or both.  To the extent that movant is claiming that counsel was ineffective for failing to object to the fact that the Court used the Sentencing Guidelines, movant does not have grounds for relief.  In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court, rather than striking down the guidelines, invalidated the two provisions of the Sentencing Reform Act of 1984 that made the federal guidelines mandatory. The Guidelines are still valid, though advisory, and counsel therefore did not have a basis for challenging the Court's use of the Guidelines in determining movant's sentence.  Moreover, the record shows that counsel did in fact object to the "strict imposition" of the Guidelines, based on the fact that they are advisory.  PSI at Addendum.  Counsel's performance thus was not deficient on this point.

If movant is attempting to claim that counsel was ineffective for failing to raise objections to the way in which the Court applied the Sentencing Guidelines, movant's claim still does not provide him with a basis for relief.  Movant does not explicitly state on what grounds counsel should have objected to the Court's application of the Guidelines. Moreover, contrary to movant's assertions, the record shows that counsel

*did* make objections to the calculation of movant's criminal history points, to the firearm enhancement, and to the enhancement for "role in the offense." <u>See</u> PSI at Addendum; Sent. Tr. at 6-7. Movant therefore has not shown that counsel's performance was deficient for failing to object to the way in which the Court applied the Sentencing Guidelines.

To the extent that movant is contending that counsel should have objected that movant's sentence was being imposed in violation of the Supreme Court's rulings in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>United States v. Booker</u>, movant is not entitled to relief. The record shows that counsel did object to the enhancements to the base offense  level on the basis of <u>Apprendi</u>. PSI at Addendum. Movant does not state what other, if any, <u>Apprendi</u> objections counsel should have made. Movant therefore has not shown that counsel was deficient for failing to raise an <u>Apprendi</u> objection.

In <u>Booker</u>, the Supreme Court held that the principle announced in <u>Blakely</u> and <u>Apprendi</u>, that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted

by the defendant or proved to a jury beyond a reasonable doubt," is applicable to the United States Sentencing Guidelines. <u>Booker</u>, 543 U.S. at 243-44.   There are two types of <u>Booker</u> sentencing errors, namely, constitutional and statutory.   <u>United States v. Dacus</u>, 408 F.3d 686, 688 (11th Cir. 2005).  The former occurs "where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury."  <u>Id.</u> (internal quotation and citation omitted).   The latter occurs " when the district court misapplies the Guidelines by considering them as binding as opposed to advisory."  <u>Id.</u> (internal quotation and citation omitted).

Here, the Court used the United States Sentencing Guidelines, which <u>Booker</u> held were advisory rather than mandatory, and the Court did not consider them mandatory.  Sent. Tr. at 7, 17.  Moreover, the sentence that the Court imposed did not exceed the statutory maximum, which is life imprisonment.  <u>See</u> Sent. Tr.  at 38; <u>United States v. Thomas</u>, 446 F.3d 1348, 1355 (11th Cir. 2006) (Because movant's sentence "did not exceed the statutory maximum, and the district court applied the Guidelines in an

advisory fashion, the district court properly enhanced [movant]'s advisory guidelines range based on facts not charged in the indictment or admitted by him."). The Court therefore did not commit a <u>Booker</u> error, and any objection to movant's sentence based on <u>Booker</u> would have been futile. Movant thus cannot show that counsel's performance was deficient.

Movant is not entitled to relief on the ground that counsel was ineffective for failing to understand the plea agreement and sentencing procedures or for failing to challenge the application of the Sentencing Guidelines.

### 3. Failure to provide loyal representation

Movant contends that counsel failed to provide loyal representation or protection when the government interviewed movant and movant provided "substantial assistance." Doc. 2 at 7. Movant appears to be contending that his counsel did not attend the interview or interviews and that this failure constituted deficient performance. Even if movant's claim that counsel did not attend the interview or interviews is accurate, movant has not shown that any failure to attend resulted in prejudice to him. The government filed a motion pursuant to U.S.S.G. § 5K1.1 recognizing

movant's substantial assistance. Sent. Tr. at 17. The Court considered this motion at sentencing and sentenced movant to 300 months' imprisonment, rather than the maximum available under the advisory guidelines. Id. at 17-18. If counsel did fail to attend the interview or interviews, that failure did not prejudice movant since the government fulfilled its promise to file a § 5K1.1 motion recommending a reduction in sentence for movant's cooperation. Movant does not offer any further support for his other general allegations of failure to provide loyal representation. See Doc. 2 at 8.

### 4. Failure to challenge and submit evidence to disallow firearm enhancement

Movant asserts that counsel was ineffective for failing to challenge or submit evidence to disallow a sentencing enhancement for use of a firearm, and that counsel did not inform him of "the meaning of the elements of the gun charge or enhancements." Doc. 2 at 7, 8. However, not only did counsel object to the enhancement, but the trial court declined to assign points for the enhancement at sentencing. See PSI at addendum at 2-3, Sent. Tr. at 6-8, 14. Consequently, this contention affords movant no basis

for relief.

### 5. Failure to provide movant with discovery

Movant states that counsel failed to provide him with discovery as requested. Doc. 2 at 7. He also claims that counsel failed to investigate the government's discovery. <u>Id.</u> at 6. The record clearly shows, however, that counsel received complete "open file" discovery from the government and that he reviewed the discovery materials with movant. Rule 11 Tr. at 34, 42. Movant offers no evidence to the contrary, and his claim of ineffective assistance of counsel on this ground fails.

### 6. Failure to interview witnesses and co-defendants and failure to investigate

Movant alleges that counsel failed to interview his co-defendants and that such interviews would have resulted in counsel obtaining evidence that would have disproved movant's role in the offense. Doc. 2 at 6, 7. At the Rule 11 hearing, the Court asked movant whether there were any witnesses he wanted counsel to interview or whether there was anything else movant wished counsel to do, and movant responded in the negative. Rule 11 Tr. at 35. The record does not show that movant asked counsel to interview the

co-defendants or other witnesses, or that interviewing the co-defendants would have established that movant did not have a managerial role in the offense.   Without instructions to interview movant's co-defendants or knowledge of what information counsel could glean from such interviews, it is reasonable to conclude that counsel's decision not to interview movant's co-defendants was "reasonable in light of counsel's understanding of the facts and issues involved in the case." Gresham v. United States, No. CIVA1:96-CV-0982-HLM, slip op. at 9 (N.D. Ga. March 11, 1997).  To the extent that movant alleges that counsel failed to present evidence that would disprove movant's alleged role in the offense,  movant has not shown that counsel's strategic choice was  unreasonable, that is, that "no competent counsel would have made such a choice." Provenzano v. Singletary, 148 F.3d 1327, 1332 (11th Cir. 1998). Movant has failed to show his counsel's performance was deficient as required by Strickland.

Movant also claims that counsel failed to conduct his own reasonable investigation. Doc. 2 at 6.  The fact that movant told the Court that he did not want counsel to do "anything else" indicates the opposite, but even if counsel did fail to conduct an investigation, movant does not state what

information counsel would have uncovered if he had investigated, or how such information would have changed anything about movant's conviction or sentence.  Movant has thus failed to meet his burden under <u>Strickland</u> on this ground, since he has failed to show that counsel's performance was deficient or that the result would have been different if counsel had performed further investigation as movant contends.

### 7.    Failure to challenge "conversion of drug quantity charge"

Movant claims that counsel's performance was ineffective because counsel failed "to challenge conversion of drug quantity charge with 253.4 **NOT** 112 kilos [sic]."  Doc. 2 at 7.  It is unclear what movant is attempting to claim with this ground, but to the extent that he is asserting that counsel failed to challenge the drug quantity for which movant was held accountable at sentencing, his claim does not provide a basis for relief. Count nine of the indictment, to which movant pleaded guilty, charged movant with distributing 232.5 grams of cocaine base.  The guilty plea constituted proof of that amount.  A DEA agent testified at the Rule 11 hearing that movant distributed approximately nine ounces of cocaine base

on May 27, 2004.  Rule 11 Tr. at 62.  Upon analysis, the total weight was

232.5 grams.  Id. at 64.  Movant stated that he "served nine ounces," and

admitted that he had done so freely and voluntarily, knowing that it was

crack.  Id. at 67.  The Court found that movant's admissions met the

essential elements of the offense.  Id. at 68.

"[I]t is axiomatic that the failure to raise nonmeritorious issues does

not constitute ineffective assistance."  Bolender v. Singletary, 16 F.3d 1547,

1573 (11th Cir. 1994).  Movant therefore cannot show that counsel was

deficient for failing to object to movant's being held accountable for the

232.5 grams referenced in count nine, since movant pled guilty to that

amount and any objection therefore would have been futile.

Even assuming, *arguendo*, that counsel was deficient for failing to

object to the drug quantities with which movant was not charged but for

which the PSI recommended that movant be held accountable, movant has

not shown that such an objection would have changed his sentence.  The

amount of 232.5 grams of cocaine base to which movant pleaded guilty is

equal to 4,650 kilograms of marijuana.  PSI ¶20.  Under the Sentencing

Guidelines, drug offenses involving at least 3,000 kilograms but less than

10,000 kilograms of marijuana have a base offense level of 34.  Id. ¶26.  So,
even without including the drug quantities movant was held accountable
for, but which he did not plead guilty to, movant's base offense level still
would be 34.  Movant has not shown that holding him accountable for a
lower quantity than the PSI recommended would have altered his base
offense level, and therefore he has failed to show that his sentence would
have been changed.  He has thus not met the prejudice requirement of
Strickland.

### 8.   Failure to challenge use of cross references to convert drug quantities

Movant claims that counsel failed to challenge the use of cross
references in the Sentencing Guidelines to convert the drug quantities for
which movant was held accountable at sentencing into their equivalent
quantity of marijuana for guidelines computation purposes.  Doc. 2 at 7, 10.
Movant does not specify on what grounds such an objection should have
been made, and since the trial court correctly used the drug equivalency
tables to convert the quantity of cocaine base into its equivalent in
marijuana to determine movant's base offense level, no error occurred and

movant has shown neither deficient performance by counsel nor resulting prejudice.

## III.  CONCLUSION

Based on the foregoing, the Court recommends that the instant § 2255 motion be DISMISSED.

**SO REPORTED AND RECOMMENDED** this _20th_ day of **October, 2006.**

*signature*

**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**